IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Robert Reeves, ) | C/A NO. 3:05-3202-CMC-BM |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| United Parcel Services, ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for summary judgment. The underlying complaint, which was initially filed *pro se*, asserts claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*; and the Age Discrimination in Employment Act (28 U.S.C. § 623(a)).[1]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On July 20, 2007, Magistrate Judge Marchant issued a Report recommending that the Defendant's motion for summary judgment be granted. This recommendation was based on the untimeliness of Plaintiff's complaint and the strict time limits allowed under the governing statutes.

Plaintiff filed an objection to the Report on August 8, 2007, raising two arguments. He first argues that the filing deadline should commence on the date his counsel actually received the right-to-sue letter, rather than from the earlier date of Plaintiff's receipt. Plaintiff also argues that Defendant should be estopped from raising the timeliness argument after allowing the action to proceed for a significant period of time, with the associated legal expenses.

---

[1] Plaintiff originally filed his complaint *pro se*. However, counsel appeared in this matter on Plaintiff's behalf on March 7, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The court has reviewed those portions of the record which relate to the timeliness defense as well as the applicable law, the Report and Recommendation of the Magistrate Judge, and the objections filed by Plaintiff. Having conducted this review, the court concludes that Plaintiff's objections are adequately and correctly addressed in the Report. Finding no other error, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Defendant's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

                                            s/Cameron McGowan Currie
                                            UNITED STATES DISTRICT JUDGE

August 10, 2007
Columbia, SC

C:\Documents and Settings\Glp59\Local Settings\Temp\notesE1EF34\05-3202 Reeves v UPS adopt for reasons std by MJ -- SJ granted.wpd